UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV15-2910 CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | WILMINGTON TRUST, N.A. V. ERIC MOBLEY AND DOES 1-10 | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Not present  Not present

**Proceedings:** (IN CHAMBERS) - MOTION TO REMAND (Dkt. 7, filed May 6, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing currently scheduled for June 22, 2015 is hereby vacated, and the matter is taken under submission.

## I.  INTRODUCTION

On March 12, 2015, plaintiff Wilmington Trust, N.A. ("Wilmington") filed an action for unlawful detainer against defendant Eric Mobley and Does 1 through 10 in Los Angeles County Superior Court. Dkt. 1. Defendant, proceeding *pro se*, subsequently removed the action to this Court on April 20, 2015, asserting both diversity and federal question jurisdiction. Id.

On May 5, 2015, plaintiff filed a motion to remand the action to state court, contending that the Court lacks subject matter jurisdiction and, in any event, that the removal was untimely. Dkt. 7. Defendant filed an opposition on June 1, 2015. Dkt. 12. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV15-2910 CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | WILMINGTON TRUST, N.A. V. ERIC MOBLEY AND DOES 1-10 | | |

the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986).

If the defendant's removal notice fails to meet the procedural requirements of section 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### III.   DISCUSSION

#### A.   The Court Lacks Subject Matter Jurisdiction

In general, federal subject matter jurisdiction exists where a case presents a claim arising under federal law ("federal question jurisdiction"), or where plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, No. EDCV 10-01893-RGK (DTBx), 2011 WL 662324, at *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction). Defendant asserts that both federal question and diversity jurisdiction are present in the instant case. The Court addresses each contention in turn.

In his notice of removal, defendant appears to assert that federal question jurisdiction exists because plaintiff has executed "a scheme and artifice to defraud and to obtain Defendant's property" in violation of 18 U.S.C. §§ 1341 and 1343. Not. Removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | CV15-2910 CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | WILMINGTON TRUST, N.A. V. ERIC MOBLEY AND DOES 1-10 | | |

at 4. Whether a case arises under federal law is generally determined by the well-pleaded complaint rule. Pursuant to that rule, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." California Shock Trauma Air Rescue v. State Compensation Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011) (citations omitted). Moreover, "the existence of a defense based upon federal law is insufficient to support jurisdiction." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint.") (emphasis in original); Cal. Equity Mgmt. Grp., Inc. v. Jiminez, No. 13-CV-1222 JSC, 2013 WL 1748051 at *1 (N.D. Cal. April 23, 2013) ("[A] defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses.") (remanding an unlawful detainer action). A federal counterclaim similarly cannot serve as a basis for federal question jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

Here, the only claim asserted against defendant is for unlawful detainer. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." U.S. Bank Nat. Ass'n v. Saenz, No. 1:12-CV-01006 AWI, 2012 WL 2403862, at *2 (E.D. Cal. June 25, 2012); Pagni Grp. LLC v. Trujillo, No. 13-CV1321-MMA RBB, 2013 WL 2476373, at *1 (S.D. Cal. June 7, 2013) ("Plaintiff's complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law."). Although defendant contends that plaintiff's actions violated 18 U.S.C. §§ 1341 and 1343, such allegations are, at best, federal defenses that do not suffice to establish federal question jurisdiction.[1]

Defendant next contends that diversity jurisdiction exists because he is a citizen of California and "not a citizen of Washington, D.C." Not. Removal at 3. Defendant's notice of removal does not address the amount in controversy. Pursuant to 28 U.S.C. § 1441(b), an action that is removable exclusively on the basis of diversity jurisdiction

---

[1] Moreover, 18 U.S.C. §§ 1341 and 1343 are criminal statutes that do not provide litigants with a private right of action, other than in the context of the Racketeer Influenced and Corrupt Organizations Act. Cobb v. Brede, No. C 10-03907 MEJ, 2012 WL 33242, at *2 (N.D. Cal. Jan. 6, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV15-2910 CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | WILMINGTON TRUST, N.A. V. ERIC MOBLEY AND DOES 1-10 | | |

"may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, defendant is a citizen of California and, as set forth above, federal question jurisdiction does not exist. Thus, even assuming the existence of diversity jurisdiction, section 1441(b)(2) bars removal of the instant action.

Accordingly, the Court lacks subject matter jurisdiction over this case.[2]

### B.  Miscellaneous Issues

Plaintiff requests an award of costs and fees incurred as a result of filing the motion to remand, as well as an order precluding future removal of this action. Mot. Remand at 7-8. As to the first request, the Court declines to order *pro se* defendant to pay plaintiff's relevant cost and fees. "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Marin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court cannot conclude that it is objectively unreasonable for a *pro se* party, lacking basic legal knowledge, to attempt to remove an action to federal court.

As to the latter request, the Court notes that "a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. UtiliQuest, LLC., No. C 13-4466 SBA, 2014 WL 94337, *2 (N.D. Cal. Jan. 9, 2014) (citing St. Paul & C. Ry. Co. v. McLean, 108 U.S. 212, 217 (1883)). Plaintiff, however, cites no authority for the proposition that a court may preclude a party

---

[2] Additionally, plaintiff is correct that defendant's notice of removal was not timely filed. When a civil action or proceeding is removed, the notice of removal must be filed within thirty days after the defendant receives, through service or otherwise, a copy of the initial complaint. 28 U.S.C. § 1446(b)(2). The time limit is mandatory and a plaintiff's timely objection to a late notice of removal will defeat removal. Smith v. Mylan, Inc., 761 F.3d 1042, 1045 (9th Cir. 2014). Here, the notice of removal was filed on April 20, 2015, more than thirty days after plaintiff effected service on March 15, 2015, Mot. Remand Ex. 2, and thus removal was both procedurally and substantively improper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV15-2910 CAS(AJWx) | Date | June 10, 2015 |
|---|---|---|---|
| Title | WILMINGTON TRUST, N.A. V. ERIC MOBLEY AND DOES 1-10 | | |

from filing a second notice of removal on distinct grounds, such as the addition of federal claims to plaintiff's complaint, and the Court declines to issue such a preclusive order here.  Nonetheless, defendant is advised that additional, unwarranted removals may result in monetary sanctions.

## IV.   CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion to remand.  The case is hereby REMANDED to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |